IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA

    Plaintiff,

v.                                 //Criminal No. 1:06CR20-8

DWAYNE ANDERSON

    Defendant.

**DEFENDANT' DWAYNE ANDERSON'S POST TRIAL MOTION
FOR ACQUITTAL OR MISTRIAL**

Now comes the defendant, Dwayne Anderson, by counsel Scott A. Shough, and moves this Court to acquit him of all charges related to the conspiracy charged in Count 1, and all charges related to the Aiding and Abetting in Count 13 of the indictment because the United States failed to prove beyond a reasonable doubt the above charges, because the court gave an improper jury instruction as to aiding and abetting, and allowed irrelevant, unfairly prejudicial evidence to go the jury as to the defendant' alleged use of young girls in drug transactions. In support thereto the defendant submits as follows:

1. <u>Conspiracy</u>

In order to convict the defendant as to count one, the burden was on the Government to prove beyond a reasonable doubt that the defendant conspired with, or had an agreement with, another person to commit an offense against the United States. The evidence at trial, through various government witnesses was that the defendant had made deliveries of substances believed by the undercover agents to be narcotics. With respect to the delivery of 13 December 2005, the evidence at trial was that this substance was in fact a controlled substance. The evidence was that

on this date a call was made to an unidentified individual (believed by the government to be "Ike" or Dwan Edwards, but not established by the evidence), and the defendant arrived and transferred the controlled substance.  No evidence was set forth that established that there was any agreement between Mr. Edwards, or any other individual and the defendant, that resulted in the defendant traveling to that location.  It was never established who was the individual on the other end of the phone call.   Therefore, the evidence is insufficient to warrant a conviction on the conspiracy in regard to this date.

    Of a similar nature, there was no evidence at trial linking the defendant either to defendant Darrel Law, or Defendant Gary Bruder.  The Government submitted that the nexus for the conspiracy was Defendant Bruder's residence.  Yet there was no evidence presented at trial that linked the defendant to the residence,   or any activities that occurred at the residence.  The only evidence; through a second hand, hearsay source, was that a call **may have** been made or received from Defendant Edwards while he was at the Bruder Residence that resulted in the defendant arriving and making a transaction.  Defendant Edwards did not testify, and no reliable evidence was submitted that linked the defendant to any of the other defendants.  Taken in its totality the evidence did not establish that a conspiracy existed between the defendant and anyone else.

2.   <u>Improper Jury Instruction</u>.

    The Defendant submits that Jury instruction as to Aiding and Abetting was improper in that it allowed the defendant to be convicted of the charge, without a finding beyond an reasonable doubt that he was in fact aiding and abetting a specific person; Dwan Edwards.  Count 13 of the Indictment specifically and clearly charges the defendant with aiding and abetting Dwan Edwards of the delivery of a controlled substance.  At trial the Government did not present

evidence that Dwan Edwards was positively identified as the person that Trooper Smith spoke with immediately prior to the delivery. Dwan Edwards does not appear in any of the video surveillance of the defendant on that date. Dwan Edwards did not testify to establish that he was in fact on the phone to Trooper Smith to arrange a transaction. The identity of the person on the phone was never established. However, given the Court's jury instruction, the government was allowed to deviate from the charge as contained in the indictment, and was not required as an essential element, to prove that the defendant was aiding and abetting Defendant Edwards. Therefore, the jury instruction given by the court negated a specific element of the offense, an element that the defendant relied upon as a key part of his defense. The defendant submits that it was error for the Court to submit its jury instruction in stead of his proposed instruction as to aiding and abetting.

3.  Introduction of 404 (b) evidence.

Rule 404 (b) of the Federal Rules of Evidence prohibits the introduction of evidence of other crimes or wrong acts, unless the Court is first convinced that is introduced for a proper purpose, and after the proper procedure is followed to allow its admission. At trial however, without prior notice, the government offered testimony that the defendant used young, "underage" girls as part of his ongoing drug transactions. The testimony was that these young girls were involved with him, and at the very least were used to deflect attention from his activities. This alleged conduct caused the testifying witness to first approach the authorities about taking action. No evidence was submitted to support these allegations. No evidence despite the fact that this was a months long investigation involving many witnesses and undercover agents.

The defendant submits that the limiting instruction given after this testimony was

insufficient, and that unfair prejudice was done to the defendant's case because of its admission. The testimony was not properly disclosed, not allowed by the Court through the proper procedure and even if it had been evaluated prior to trial, should have been found inadmissable because it was more prejudicial that probative under Rule 403.  Therefore the defendant submits that its admission was error that warrants a new trial in this matter.

    Wherefore, based upon the above the defendant, Dwayne Anderson moves the court to acquit him of all charges or grant a new trial in regard to this matter.

Dwayne Anderson
Defendant, by Counsel

/S/ Scott A. Shough
WV State Bar No. 7795
Suite 502, Sec. Bldg.
211 Adams St. Fairmont, WV
26554
(304) 363-4024

CERTIFICATE OF SERVICE

    The undersigned, counsel for the Defendant, Dwayne Anderson, does hereby certify that on the 11th day of November, 2006, the foregoing **DEFENDANT' DWAYNE ANDERSON'S POST TRIAL MOTION FOR ACQUITTAL OR MISTRIAL** was served upon the Counsel for the United States, Zelda E. Wesley, AUSA, by electronic transmission to zelda.wesley@usdoj.gov

/S/ Scott A. Shough
WV State Bar No. 7795
Suite 502, Sec. Bldg.
211 Adams St. Fairmont, WV
26554
(304) 363-4024