UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                            Criminal No. 1:06CR20-08

DWAYNE ANDERSON,

       Defendant.

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION
FOR JUDGMENT OF ACQUITTAL OR MISTRIAL**

Now comes the United States of America and Sharon L. Potter, United States Attorney for the Northern District of West Virginia, by Zelda E. Wesley, Assistant United States Attorney for said District, and in opposition to defendant's Motion for Judgment of Acquittal or Mistrial, asserts the following:

I. SUFFICIENCY OF EVIDENCE FOR COUNT ONE

In sufficiency of evidence challenges, a conviction is upheld if "any rationale trier of fact could have found the essential element of the crime beyond a reasonable doubt after viewing the evidence in the light most favorable to the government." *See, Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Count One of the Indictment charged defendant, and others, with distributing in excess of 50 grams of crack cocaine.

To find defendant guilty of the conspiracy, the government had to establish:

1)     that there was an agreement between two or more persons to engage in conduct violative of the federal drug laws;

2)     that defendant knew of the agreement; and,

3)     that defendant knowingly and voluntarily became a part of that agreement.

*United States v. Randall*, 171 F.3d 195 (4th Cir. 1999).

The evidence produced at trial established that Gary Bruder's residence, located on Oliver Avenue, was in essence a crack house. Mike Steffick, the confidential informant, testified that he made approximately 11 to 12 controlled purchases in or near the vicinity of Gary Bruder's residence. Drug users could purchase drugs from Bruder's residence, and drug dealers could either sell from the Bruder residence, or make contact with individuals to sell outside of the Bruder residence. The evidence adduced at trial further established that while Mike Steffick was inside the Bruder residence, someone used a cell phone to contact Dwan Edwards, who is Ike, to arrange a drug distribution. TFC John Smith of the West Virginia State Police testified that he dealt with Dwan Edwards in an undercover capacity and Dwan Edwards is in fact Ike. TFC Smith had a conversation with Dwan Edwards regarding a controlled distribution and Edwards arranged for TFC Smith to make the purchase from Dwayne Anderson. During the distribution from Anderson, he advised TFC Smith that he and Edwards were one in the same, indicating that a purchase from one would be a purchase from the other.

The evidence produced at trial clearly established that Dwan Edwards and Dwayne Anderson conspired to distribute crack cocaine together and obtained customers through the Bruder residence. That evidence was sufficient to establish defendant's involvement in the conspiracy and defendant's Motion for a Judgment of Acquittal or Mistrial should be denied.

## II.  IMPROPER JURY INSTRUCTION

Count Thirteen charges defendant and Dwan Edwards with aiding and abetting in the distribution of crack cocaine. In relation to the aiding and abetting element of Count Thirteen, the government had to establish that either Dwayne Anderson or Dwan Edwards distributed the crack as charged. The government's evidence established at trial that defendant Anderson was the

2

individual who distributed the crack cocaine in that distribution. Although the government established that he was aided and abetted by Dwan Edwards, the individual who arranged the drug distribution, it would be sufficient for the government only to establish that Dwayne Anderson made the distribution in Count Thirteen.

For those reasons, the Court's jury instruction relative to Count Thirteen was proper.

### III.  INTRODUCTION OF 404(b) EVIDENCE

The introduction of defendant's use of minors to conduct his drug distributions is relevant direct evidence of his conspiracy to distribute crack cocaine. Defendant's use of runners, whether over or under the age of 18, is relevant to establish a supervisory position, as well as decision making authority within a crack conspiracy. Any time a drug dealer has other individuals who are willing to distribute their drugs is relevant to establish their role within the conspiracy. It is also relevant to establish how defendant's crack was distributed.

In addition, defendant's use of minors is relevant as his means of avoiding detection by law enforcement. Drug dealers utilize underage individuals to deliver their crack cocaine as the minors are unlikely to be stopped by law enforcement or suspected by law enforcement as distributing drugs. Defendant's relationship with minors enabled him to further his conspiratorial agenda by ensuring that his product, crack cocaine, was delivered to his customers uninterrupted. Defendant's use of minors to distribute crack cocaine was by no means 404(b) evidence but intrinsic to the crime charged in Count One.

Defendant's Motion for an Acquittal or Mistrial should be denied.

              Respectfully submitted,

              Sharon L. Potter
              United States Attorney


    By:   /s/  Zelda E. Wesley
        Assistant United States Attorney
        United States Attorney's Office
        320 W. Pike Street, Suite 300
        Clarksburg, WV 26301
        (304) 623-7030
        (304) 623-7031
        Zelda.Wesley@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that I electronically filed the UNITED STATES' UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL OR MISTRIAL with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following on this 13th day of December, 2006.

Scott A. Shough
211 Adam Street
Security Bank Bldg, Suite 502
Fairmont, WV 26554

      /s/    Zelda E. Wesley
Assistant United States Attorney
United States Attorney's Office
320 W. Pike Street, Suite 300
Clarksburg, WV 26301
(304) 623-7030
(304) 623-7031
Zelda.Wesley@usdoj.gov