```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                              **CRIMINAL NO. 1:06cr20-8**
                                      **(Judge Keeley)**

**DWAYNE ANDERSON,**

    **Defendant.**

### ORDER DENYING DEFENDANT'S POST TRIAL MOTION
### FOR ACQUITTAL OR MISTRIAL

On October 12, 2006, a jury found the defendant, Dwayne Anderson ("Anderson"), guilty of Counts One and Thirteen of the Indictment filed in this case. On November 11, 2006, Anderson, filed a "Post Trial Motion For Acquittal or Mistrial." (dkt no. 385). On December 13, 2006, the United States filed its response in opposition to Anderson's motion. (dkt no. 419). For the following reasons, the Court **DENIES** Anderson's post-trial motion for acquittal or mistrial.

### I. Standards of Review

On a defendant's motion, a court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. Fed.R.Crim.P 29(a). However, "[a] defendant challenging the sufficiency of the evidence to support his

**U.S. v. Dwayne Anderson**                                              **1:06CR20-8**

**ORDER DENYING DEFENDANT'S POST TRIAL MOTION
FOR ACQUITTAL OR MISTRIAL**

conviction bears a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997), citing Glasser v. United States, 315 U.S. 60, 80 (1942). A jury's verdict must be upheld if there is substantial evidence, viewed in the light most favorable to the government, to support it. Burks v. United States, 437 U.S. 1, 17 (1978) (noting that reversal for insufficient evidence is reserved for the rare case "where the prosecutor's failure is clear").

Further, on a defendant's motion, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed.R.Crim.P. 33. Whether to grant or deny a motion for a new trial is within the broad discretion of the district court, which should be disturbed in only very limited circumstances. See e.g., United States v. Perry, 335 F.3d 316, 320 (4th Cir. 2003). Here, Anderson advances three (3) grounds in support of his requests for relief under these alternative rules.

## II. Analysis

**A. Count One- Conspiracy**

With respect to the conspiracy charge contained in Count One, Anderson argued that the evidence presented at trial was insufficient to sustain a conviction. Count One specifically charged Anderson with conspiracy to knowingly and intentionally possess with intent to distribute and to distribute in excess of

**U.S. v. Dwayne Anderson**                                  1:06CR20-8

**ORDER DENYING DEFENDANT'S POST TRIAL MOTION
FOR ACQUITTAL OR MISTRIAL**

fifty grams of cocaine base, also known as "crack" in violation 21 U.S.C. §§846 and 841(b)(1)(A)(iii). Anderson asserted that, the evidence at trial only established that he made deliveries of substances believed by the undercover agents to be narcotics, but did not establish that he had any type of agreement to distribute crack cocaine with Dwan Edwards ("Edwards"), Darrel Law ("Law") or Gary Bruder ("Bruder"). Furthermore, he stated that, although the Government argued that the nexus for the conspiracy was Bruder's residence, he asserted that no evidence was presented at trial that linked him to that residence.

The Government responded that sufficient evidence was presented at trial to sustain Anderson's conviction on Count One of the Indictment. Specifically, Mike Steffick ("Steffick"), a confidential informant, testified that he made approximately 11 to 12 controlled purchases in or near the vicinity of Bruder's residence. There was also testimony presented at trial that, while Steffick was inside the Bruder residence, someone used a cell phone to contact Edwards to arrange a drug distribution. Trooper John W. Smith ("Smith") also testified that he dealt with Edwards in an undercover capacity and that Edwards was also known by the alias, "Ike." Edwards arranged a controlled buy between Smith and Anderson at the Bellview Plaza. During this transaction, Anderson

**U.S. v. Dwayne Anderson**                                              **1:06CR20-8**

**ORDER DENYING DEFENDANT'S POST TRIAL MOTION
FOR ACQUITTAL OR MISTRIAL**

advised Smith that he could be reached by contacting "Ike" because they were one in the same.

Following a conviction, sufficiency of evidence challenges will fail if "any rational trier of fact could have found the essential element of the crime beyond a reasonable doubt after viewing the evidence in the light most favorable to the government." Jackson v. Virginia, 443 U.S. 307, 319 (1979). As to how much evidence is enough, the Fourth Circuit has held that the uncorroborated testimony of a single witness may be sufficient, even if that witness is an accomplice, a co-defendant or an informant. United States v. Wilson, 115 F.3d 1185, 1189-90 (4th Cir. 1997). In determining the sufficiency of the evidence, the credibility of witnesses is strictly a matter for the jury. United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002). Furthermore, "if the evidence supports different, reasonable interpretations, the jury decides which interpretation to believe." United States v. Murphy, 35 F.3d 143, 148 (4th Cir. 1994).

"To prove a drug conspiracy, the Government must prove the following: (1) an agreement with another person to violate the [drug] law, (2) knowledge of the essential objectives of the conspiracy, (3) knowing and voluntary involvement, and (4) interdependence among the alleged conspirators.'United States v. Stewart, 256 F.3d 231, 250 (4th Cir. 2001). Furthermore, the

4

**U.S. v. Dwayne Anderson**                                                      **1:06CR20-8**

**ORDER DENYING DEFENDANT'S POST TRIAL MOTION
FOR ACQUITTAL OR MISTRIAL**

Government is not required to prove that the defendant knew the particulars of the conspiracy or knew all of the coconspirators. United States v. Burgos, 94 F.3d 849, 858 (4th Cir. 1996). The Government need only demonstrate a "slight connection" between the defendant and the conspiracy. Id. at 861.

Having heard the testimony presented by the witnesses at trial, the Court finds that the evidence adduced supported a rational determination of guilt beyond a reasonable doubt as to Anderson's involvement in the conspiracy, and the Court, therefore, **DENIES** Anderson's motion as to Count One.

**B. Count Thirteen- Aiding and Abetting**

With respect to the aiding and abetting charge in Count Thirteen of the Indictment, Anderson argued that the trial court submitted an improper jury instruction. Count Thirteen specifically charged that Edwards and Anderson aided and abetted by each other did unlawfully, knowingly, intentionally, and without authority distribute approximately 1.73 grams of cocaine hydrochloride in exchange for $150.00 in violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(C) and 18 U.S.C. §2. With respect to the aiding and abetting charge in Count Thirteen, the Court instructed the jury as follows:

> In order to sustain its burden of proof for the crime charged in **Count Thirteen** of the Indictment, aiding and abetting distribution, the United States must prove the

**U.S. v. Dwayne Anderson**                                     **1:06CR20-8**

### ORDER DENYING DEFENDANT'S POST TRIAL MOTION
### FOR ACQUITTAL OR MISTRIAL

following **two (2) essential elements** beyond a reasonable doubt:

**First**:   That Defendant Dewayne Anderson (or Dwan Edwards aided and abetted by Dewayne Anderson) distributed, cocaine hydrochloride, also known as "coke", a Schedule II controlled substance; and

**Second**:  That Defendant Dewayne Anderson knowingly and intentionally participated in that prohibited activity.

With respect to the first element, the government must prove, beyond a reasonable doubt, that the offense of distribution was in fact committed by either Defendant Dewayne Anderson or Dwan Edwards before Mr. Anderson may be found guilty as an aider and abetter to the offense. When considering whether Dewayne Anderson or Dwan Edwards intended to distribute "coke," you may infer from the evidence an intent to distribute the controlled substance based upon a variety of factors, including the quantity, weight, or amount of the drug, the manner in which it was possessed, the quality or purity of the controlled substance, its street value, or the existence of accompanying drug paraphernalia.

With respect to the second element of the aiding and abetting offense, mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime unless you find beyond a reasonable doubt that Defendant Dewayne Anderson was a participant and not merely a knowing spectator. In other words, you may not find the defendant guilty unless you find beyond a reasonable doubt that every element of the offense of distribution as defined in these instructions was committed by some person or persons, and that Defendant Dewayne Anderson willfully participated in its commission. . . .

**U.S. v. Dwayne Anderson**                                      **1:06CR20-8**

**ORDER DENYING DEFENDANT'S POST TRIAL MOTION
FOR ACQUITTAL OR MISTRIAL**

Anderson asserted that, given the Court's jury instruction, the Government was allowed to deviate from the charge as contained in the Indictment, and was not required to prove that he aided and abetted Edwards in the distribution of powder cocaine. Therefore, he argued that the Court erred in submitting its jury instruction instead of his proposed instruction as to aiding and abetting.[1]

The Government responded that, with respect to Count Thirteen, it had to establish that either Anderson or Edwards distributed the cocaine as charged. The Government stated that, although it established that Anderson was aided and abetted by Edwards, it would be sufficient for the Government only to establish that Anderson made the distribution in Count Thirteen.

A defendant is guilty of aiding and abetting if he has knowingly associated himself with and participated in the criminal venture. United States v. Burgos, 94 F.3d 849, 873 (4th Cir. 1996). In order to be convicted of aiding and abetting, participation in every stage is not required, only participation in some stage

---

[1] The proposed jury instruction filed by Anderson regarding the aiding and abetting charge stated:

> To be found guilty of Aiding and Abetting, the Government must prove beyond a reasonable doubt that all the elements of the principle offense were committed by some person or persons and that the defendant aided and abetted the commission of that crime.

The Court notes that the defendant's proposed instruction sets forth the two elements contained in the Court's instruction only using different terminology.

U.S. v. Dwayne Anderson                                        1:06CR20-8

**ORDER DENYING DEFENDANT'S POST TRIAL MOTION
FOR ACQUITTAL OR MISTRIAL**

accompanied by knowledge of the result and intent to bring about the result. Id. Because its jury instruction adequately tracked the applicable case law in the Fourth Circuit, the Court **DENIES** Anderson's motion with respect to Count Thirteen.

**C. Introduction of 404(b)Evidence**

Anderson also argued that his case was unfairly prejudiced as a result of the admission of testimony that he used young "underage" girls as part of his ongoing drug transactions. He asserted that the limiting instruction given after this testimony was insufficient. According to Anderson, this testimony fell within the scope of Rule 404(b) of the Federal Rules of Evidence and was not properly disclosed by the Government. Furthermore, this testimony was inadmissible under Rule 403 of the Federal Rules of Evidence. Therefore, Anderson argued that the Court erred in allowing this testimony to be introduced into evidence and, therefore, the error warrants a new trial.

The Government responded that testimony concerning Anderson's use of minors to distribute crack cocaine was not Rule 404(b) evidence, but, instead, intrinsic evidence offered to prove the conspiracy charge in Count One.

The testimony concerning Anderson's use of young girls as runners in his drug distribution operation was not presented as Rule 404(b) evidence to show the commission of some other crime or

U.S. v. Dwayne Anderson                                               1:06CR20-8

**ORDER DENYING DEFENDANT'S POST TRIAL MOTION
FOR ACQUITTAL OR MISTRIAL**

to infer the defendant is a bad person for using young girls to distribute drugs. Rather the evidence was relevant because Anderson's use of runners furthered his conspiracy. United States v. Ward, 211 F.3d 356, 362 (7th Cir. 2000). It was further germane to his consciousness of guilt. United States v. Morales, 577 F.2d 769, 772 (2nd Cir. 1978). It also established the means used in his conspiracy to avoid detection, use others and enforce the goals of the conspiracy. United States v. Kincaide, 145 F.3d 771, 793 (6th Cir. 1998); United States v. Levy, 865 F2d 551, 538 (3rd Cir. 1989); United States v. Wilson, 11 F.3d 346, 353 (2nd Cir. 1993). Therefore, the testimony was relevant evidence offered to prove the conspiracy count in the Indictment and was not subject to the notice requirement of Rule of Evidence 404(b).

Moreover, after consulting with Anderson, the Court provided a very specific limiting instruction to the jury concerning the testimony despite that fact that a limiting instruction was not requested by the defendant. The Court instructed the jury that Nina Baxter's testimony that Anderson used young girls to deliver crack cocaine was not a part of any particular charge that he had unlawful relationships with young girls because that was not a charge at issue in this case. The Court advised the jury that such testimony was provided solely to establish the totality of the circumstances concerning the alleged drug conspiracy at issue in

**U.S. v. Dwayne Anderson**                                          1:06CR20-8

**ORDER DENYING DEFENDANT'S POST TRIAL MOTION
FOR ACQUITTAL OR MISTRIAL**

Count One of the Indictment. Accordingly, any prejudice to the defendant's case resulting from this testimony was cured by the limiting instruction. Therefore, the Court finds no error in the admission of testimony concerning the young girls and **DENIED** Anderson's motion with respect to the Rule 404(b) issue.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Anderson's post trial motion for acquittal or mistrial (dkt no. 385).

The Clerk is directed to transmit copies of this Order to counsel of record and the defendant.

DATED: December 20, 2006.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE