United States District Court
for the
Northern District of West Virginia

Dwayne Anderson
    petitioner

v.

United States of America
    respondent

Case No. 1:06CR20(8)

FILED
AUG 23 2007
U.S. DISTRICT COURT
CLARKSBURG, WV 26301

---

**Petitioner's motion for relief from Judgement pursuant to federal rule of Civil Procedure 60(B)(4)**

---

    Comes now Dwayne Anderson petitioner pro-se, and file this motion for relief from judgement against him entered by the District Court on the second day of March, 2007. By this motion petitioner hereby moves this honorable court to rule that the forementioned judgement (void) and there for, Petitioner is intitled relief pursuant to federal rule of federal procedure 60(B)(4).

    "Rule 60(B)(4) has an unquestionabl[e] valid role in habeas corpus cases, and

preserves the opportunity to obtain vactre of judgement that is void for lack of jurisdiction" quoting Gonzales v. Crosby 545 US 524 (when rule 60 (B)(4) motion attacks the integrity of the prior proceedings lack of jurisdiction, it is not a successive petition). See Harris. V. US, 149 F 3d 1304 (11 cir) citing jurisdictional case law. Specifically, petitioner respectfully requests this court to issue an order [Voiding] said judgement and to grant his immediate release from that judgement.

Petitioner asks that the court take [Judical Note] that this motion is pursuant to F.R. Civ. P 60 (B)(4) and in no way should it be construed as a habeas corpus petition under 28 USC 451 et seq (1940) or any other motion for relief pursuant to 28 USC 2244 (1948) or 28 USC 2255 (1948) Petitioner is seeking a specific ruling and/or relief through this motion, and while it is understood that the court may exercise a great deal of discretion on many items before it any such "re-characterizing" or "misconstruing" of this motion by the court occurs, it will only serve harm to the petitioner. In Castro v. US., 540 US. 375 (2003), the courts held that it may not

recharacterize a filing without warning the prisoner and giving him a chance to withdraw his filing.

F.R.Civ.P. 60(B)(4) states "on motion and upon such terms as are just, the court may relieve a party or party's legal representative from a final judgement order or proceeding .... if the judgement is void."

## Basis for motion for Relief of Judgement

Petitioner will show in this motion for relief from judgement four compelling and legally compentent arguments which upon this information and belief not only [require] this honorable Court to grant his request for relief from judgement but also need to extend and grant him immediate habeas relief as well. The four arguements which are set fourth below are as follows.

1. Whether petitioner is currently imprisoned pursuant to "an act of Congress" which was properly or legally enacted.

2. Whether petitioner is currently imprisoned illegally in violation of his constitutional rights

3. Whether District Court or appeals Court must correct an error in "Subject matter jurisdiction".

4. Can a District Courts lack of jurisdiction be raised through a Habeas Petition

1A) The basis for this motion for relief from judgement is stature 18 USC 4001 (A) which states in Part
   (A) No citizen shall be imprisoned or otherwise detained by the United States except pursuant to and act of Congress 18 USC. 4001 (A)

2A) The basis for this motion for relief from judgement is the principle of illegal confinement, which defined by the Supreme Court Glover .V. United States 531 US 198 (2001).

3.A) The Basis for this motion for relief is whether the court, either District or Appellate, must correct an error in subject matter jurisdiction. Petitioner argues through established case law that because "subject matter jurisdiction" involves a courts power to hear a case [and thus] can never be forfieted or waved... Correction [Is mandatory] Whether the error was raised in District Court or not United States v. Cotton 535 US 630 (citation omitted) Steel Co. 523 US at 94-95 (citing cases). When District Court did not have subject matter jurisdiction over underlying action [Its] process are void and an order of punishment based there upon must be reversed.

4A) The petitioner brings forth in this motion for relief from judgement is whether the issue of the District Courts lack of jurisdiction may be raised through a habeas petition or

or review. Petitioners evidence indicates that habeas Corpus review is limited to examination of the jurisdiction of the court where judgement of conviction is challenged. Bowen v. Johnson 306 US 19 (1939), also Ins v. St. Cyr 533 US 289 (2001).

A court has jurisdiction to render a particular judgement only when the offense charged is within the class of offenses placed by the law under it's jurisdiction. (Bowen 306 US at 24. "If it is found that the court lacked jurisdiction, and the prisoner must be discharged." Ex Parte Yarbrough 110 US 651-654 (1884)

## Prayer

Petitioner pray that this honorable Court agree to a relief of judgement on the merits of F.R.Civ.P 60 (B)(4) or in alternative, issue an order that over turns his conviction and setting petitioner free from his current illegal incarceration on the grounds that the District Court did not have

jurisdiction to try a crime against the United States. The unconstitutional and illegal enactment of public law 80-772 codified as title 18, and the unconstitution and illegal enactment of title 21.

Respectfully submitted this 19th Day of Aug, 2007

Dwayne Anderson
Pro-se

### Jurant

I, Dwaye Anderson, certify under the penalty of perjury that the fact here in are true and correct

Dwayne Anderson
Pro-se

Certificate of Service/Mailing

I, Dwayne Anderson, certify that true and Correct copies of "Motion for relief from judgement" Rule 60(B)(4) were served/sent by United States mail first class-post pre-paid, to the following person/office on: The 19th Day of Aug, 2007.

Office of Clerk
United States District Court
500 W. Pike st
P.O. Box 2808
Clarksburg West Virginia
26302

1 copy

Office of U.S. Attorney
ATTN: Zelda Wesley.
320 West Pike street, suite 300
Clarksburg. West Virginia
26302

1 copy

Dwayne Anderson
Pro-se

# Proof of filing

I, Dwayne Anderson, certify that on this 19th Day of Aug 2007. This document was filed pursuant to the holding in Houston V. LSVK, 487 U.S 266 (1988) by placing it in a prison mail facility for further delivery of court

Dwyne Anderson
Pro-se