FILED
SEP 7 - 2007
U.S. DISTRICT COURT
CLARKSBURG, WV 26301

United States District Court
for the
Northern District of West Virginia

Dwayne Anderson
　　　　Petitioner

　　　V.　　　　　　　　　　　　　Case No. 1:06 Cr 20-8

United States of America
　　　　Respondent

Petitioner's motion for releif from Judgement pursuant to federal rule of Civil Procedure 60 (B)(4)

　　　Comes now Dwayne Anderson petitioner pro-se, and files this motion for relief from the indictment filed against him, by the grand jury March, 07, 2006. Petitioner challenges that the District Court lacked jurisdiction to allow the case to be heard, as stated under title 18 3231, which petition tends to prove the court failed to have subject matter jurisdiction over the case. Therefore petitioner submits the following.
　　　Rule 60 (B)(4) has a unquestionably valid role in habeas corpus cases, and preserves the opportunity to obtain vactur of an

indictment that is void for the lack of jurisdiction." Quoting Gonzalez V Crosby 545 US 524 (2005) (when rule 60(B)(4) motion attacks the integrity of the prior proceeding lack of jurisdiction ... it is not a successive petition) see Harris V. US 149 Fed. 3d.1304, 1308-09. (11th Cir (1998) (citing jurisdictional case law).

 Specifically, Petitioner respectfully requests this court to issue and order [voiding] said indictment for lack of jurisdiction to hear case, and to grant his immediate release from the power to hear case in District Court under 18. 3231.

 Petition asks that this court take [Judicial Notice] that this motion is pursuant to F.R. Civil. P 60(B)(4), and in no way should it be construed as a habeas corpus petition under 28 USC 451 et seq (1940) or any other motion for relief pursuant to 28 USC 2244 (1948). or 28 USC 2255 (1948). Petitioner is seeking a specific ruling and/or releif through this motion and while it is understood that the court may exercise a great deal of discretion on many items before it, if and such "recharacterising" or "misconstruing" of this motion occurs, it will only serve as a delay and cause unnecessary harm to petitioner. In Castro V United States ,540 US 375 (2003) the court held that it may not recharacterize a filing with—

-2-

out warning the prisoner and giving him a chance to withdraw his filing." The court must [Never] further or participate in any injustice or miscarriage of the law against a person or litigant. Any intervention by the court related to serve to assist a litigant and never cause harm."

F.R. Civil. P. 60(B)(4) states, motion and upon such terms as are just, the court may relieve a party or party's legal representative from a final judgement, order, or proceedings. Additionally, under a 60(B)(4) motion." The court has discretion in it's ruling on the motion by either declaring that the judgement attack is [void], or it is not. The all writ acts or †28 USC 1651(a) states "The supreme court and all courts established by act of congress may issue all writs necessary or appropriate in aid of their respective jurisdiction and agreeable to the usages and principles of Law." Petitioner believes this further solidifies the ability of this court to make a ruling even though the very jurisdiction which it relies upon for the issued judgement, complained of being attacked and questioned by instant motion

<u>Basis for motion for relief from indictment</u>

Petitioner will show in this motion for relief

from indictment,

four compelling and legally competent arguments, which upon his information and belief, not only [require] this honorable court to grant petitioner request for relief of indictment but also extend and grant petitioner immediate habeas relief as well.

The four arguments which are set fourth below and are discussed in detail are as follows:

1) Whether petitioner is currently imprisoned pursuant to "An Act of Congress" which was never properly or legally enacted?

2) Whether petitioner is currently imprisoned illegally in violation of petitioners Constitutional rights?

3) Whether District court or Appeals court must correct an error in subject matter jurisdiction?"

4) Can District Courts lack of jurisdiction be raised through a habeas petition?

The first basis for relief of indictment is statue 18 USC 4001 (a) which states in part:

(A) No Citizen shall be imprisoned or otherwise detained by the United states except pursuant to an act of Congress 18 USC 4001

(a)
The second basic for relief of indictment is the principle of illegal confinement, which is defined by the Supreme Court in Glover V. United States, 531 US 198.

The third Basic of relief from indictment whether the Court either District or Appellate, must correct error in subject matter jurisdiction. Petitioner argues established case law, that be cause subject matter jurisdiction involves a courts power to hear a case, [and thus] can never be forfeited or waved. Correction is [mandatery] whether the error was raised in District Court or not US. V. Cotton 535 US at 630. When a District court does not have subject matter jurisdiction over the underlying action it's process is void and a order of [punishment] based [there upon] must be reversed. United States Catholic Conf. 487 US at 77. Willy V. Costal Corp., 503 US at 139. The punishment order itself should fall with a showing that the court was without authority to either decree." Ex parte Fisk, 113 US 713. When a court of the United States undertakes. by process to punish a man [respecting] and order which court had no authority to make the process, or order itself being without jurisdiction is void, and the order punishing is equally void.

The fourth Basic for relief of indictment is whether the issue of the District

Courts lack of jurisdiction may be raised through habeas petition or review. Petitioner's evidence indicates that habeas corpus review is limited to the examination of the jurisdiction of the court whose judgment of conviction is challenged by the power to hear the case. See also, Ins V St. Cys, 533 US 289.

### In depth arguments.

The challenge in this case goes through the subject matter jurisdiction of the ~~District~~ Court and hence it's power to issue the order. United States Catholic conf. V. Abortion

## Prayer

Appellate prays that this Honorable Court agree to a relief from indictment on the merits of F.R. Civ. 60 (b)(4), setting movant free from his current illegal incarceration on the grounds that the District Court did not have jurisdiction to try crimes against the United States, the Unconstitutional and illegal enactment of Public law 80-772, codified as title 18, and the unconstitutional and illegal enactment of title 21.

Respectfully submitted on this Fifth Day of September, 2007.

Pro se

I Dwayne Anderson certify under the penalty of perjury that the facts stated herein are true and correct.

Pro se

## Certificate of Service / Mailing

I Dwayne Anderson, certify that true and correct copies of Motion for relief from judgement, Rule 60 (b)(4)" were served / sent by the United States mail, first class - Post Pre paid, to the following person / office on the Fifth day of September 2007

Office of the Clerk
United States District Court
P.O. Box 2808   500 W. Pike St   (# copies)
Clarksburg, West Virginia 26302

Office of the U.S. Attorney
   ATTN: Zelda Wesley
   320 West Pike Street, Suite 300
   Clarksburg, West Virginia 26302
            (1 copy)

                    Pro se

I Dwayne Anderson, certify that on this, the Fifth day of Sept. 2007 this document was filed pursuant to the holding in Houston V Lsvk 487 U.S. (1988) by placing it in the prison mail facility for further delivery to the court
                    Pro se