```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                       CRIMINAL NO. 1:06cr20-8
                                               (Judge Keeley)

**DWAYNE ANDERSON,**

    **Defendant.**

## ORDER DENYING DEFENDANT'S SECOND MOTION
## FOR RELIEF FROM JUDGMENT

On March 2, 2007, the Court imposed a sentence of 292 months of imprisonment on Count One and 240 months of imprisonment on Count Thirteen, to be served concurrently, on the defendant, Dwayne Anderson ("Anderson"). On March 13, 2007, Anderson filed a Notice of Appeal. More than five months later, on August 23, 2007, Anderson filed a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Anderson's Rule 60(b) motion was denied on August 24, 2007.

Before this Court is Anderson's second Rule 60(b) motion. In the motion, Anderson seeks relief from judgment by way of an Order voiding his indictment for lack of jurisdiction. Moreover, Anderson asserts that his motion is not to be construed as a motion to vacate sentence under 28 U.S.C. § 2255.

In the Order denying Anderson's first Rule 60(b) motion, the Court explained that because the Federal Rules of civil Procedure

**U.S. v. ANDERSON**                                                                 **1:06cr20-8**

**ORDER DENYING DEFENDANT'S SECOND MOTION FOR RELIEF FROM JUDGMENT**

govern only the procedure in suits of a civil nature, Rule 60(b) does not provide a vehicle through which a criminal defendant may challenge his criminal judgment.  See dckt. 551 at 1 (citing Fed.R.Civ.P. 1; United States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003); United States v. O'Keefe, 169 F.3d 281, 289 (5th Cir. 1999)).  In addition, the Court noted that Rule 60(b) motions filed in criminal cases are often construed as motions to vacate sentence pursuant to 28 U.S.C. §2255, provided the defendant consents to the recharacterization of his motion.  Nonetheless, because Anderson expressly requested that the Court not construe his motion as one arising under § 2255, and because Anderson had a direct appeal pending with the Fourth Circuit Court of Appeals, his Rule 60(b) was not converted to a § 2255 motion.  Id. at 1-2.  Instead, the Court simply denied Anderson's motion because relief from his criminal judgment was not available under Fed. R. Civ. P. 60(b). Id. at 2.

In what is presumably an attempt to argue the appropriateness of a Rule 60(b) motion in a criminal proceeding, Anderson states in his second motion that, "Rule 60(b)(4) has a (sic) unquestionably valid role in habeas corpus cases, and preserves the opportunity to obtain vactur (sic) of an indictment that is void for the lack of jurisdiction."  Motion at 1-2.  However, this is not a habeas

**U.S. v. ANDERSON**                                                    **1:06cr20-8**

**ORDER DENYING DEFENDANT'S SECOND MOTION FOR RELIEF FROM JUDGMENT**

corpus action.[1]  This is a criminal action, and as Anderson has already been advised, Rule 60(b) of the Federal Rules of Civil Procedure is not an appropriate avenue to obtain relief from his criminal judgment.  Moreover, Anderson's express instructions and pending appeal, prevent the Court from construing his motion to one filed under § 2255.  See Walker v. Connor, 72 Fed.Appx. 3 (4th Cir. 2003).

Accordingly, Anderson's second Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(4) (dckt. 553) is **DENIED** for the same reasons as his first Rule 60(b) motion.

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Order to counsel of record, the defendant and all appropriate agencies.

DATED: January 16, 2008.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[1] Habeas Corpus actions are civil in nature, so the Federal Rules of Civil Procedure apply.

3