The United States District Court for
The N̲o̲r̲t̲h̲e̲r̲ District of W̲e̲s̲t̲ ̲V̲i̲r̲g̲i̲n̲i̲a̲

Dwayne Anderson )
Petitioner )
 )
 )
 )
 )
 )
 )
v. )
 )
 )
 )
 )
The United States of America )
Respondent )

F T L . D

FEB 04 2008

Case No.: 1:06 CR 20-8

Commercial law Notice UCC 1-201, (25) Petition for
First Amendment Redress of Grievance invoking
Jurisdiction: Petition to Dismiss Indictment and
Illegal Conviction for Lack of Jurisdiction.

Now Comes Dwayne Anderson petitioner known hereinafter
as "secured party", in pro-se, without representation, unskilled
and unlearned in Federal, State and Local Courts. Petition asks
Courts to forgive any mistakes or misspelling in this petition
as applicable and applied to Haines v. Kerner, 404 US 519.

This petition hereby addresses a grievance involving a
violation of the First Amendment of the Constitution, where
the Federal Government never established valid claim of subject
matter, or exclusive jurisdiction over the alleged criminal

act of the petitioner as convicted by a straw-man. Which is the fictitious name addressed by the indictment DEWAYNE ANDERSON Petitioner is aware that the District Courts in said case cannot render a conviction, proceeding or judgment without a valid claim on an indictment, without it stating what order to give it jurisdiction over the subject matter , see 12(b)(1) of Civil Rules and Procedures.


By these presents Know Ye

   I (Dwayne Anderson) hereby demand of this legislative assembly tribunal to dismiss criminal action No.: 1:06 cr 20-8 because of lack of exclusive jurisdiction over the exact geographical location where the alleged criminal activity mentioned in the indictment took place. See,18.7 USC Criminal Rules and Procedures.


   Petitioner strongly relies on the opinion of the recent case, see United States v. Lopez No.: 93-1260, 115 S.Ct. 1624, 131 L.Ed. 2nd 626. Petitioner commands this Court to discharge alleged criminal proceeding. Petitioner cites where a Federal Court is without jurisdiction of the offense, judgment OR conviction of the Court and or the jury is void ab initio, on the face Bauman v. United States CCP. Louisiana, 156 Fed. 534.


   Petitioner became aware of the distinction between the

-2-

duel nature of Federal Court system is also noted in **Title 18 USC 3231** which states, that the United States District Courts for the canal zone shall have jurisdiction "concurrently with the District Courts of the United States of offenses against the laws of the United States committed upon high seas", and this distinction is why venue and Federal jurisdiction prosecution is more than technical concept, it is a constitutional requirement. See **United States v. Johnson 33 Fed. 180, 15 L.Ed. 2nd. 681, 385 US 846, 17 L.Ed. 2nd 77, 117.**

Therefore Dwayne Anderson petitioner demands of this legislative tribunal to establish the required exclusive jurisdiction consisting of:

A) Documentation showing ownership of each and every
   geographical location mentioned in the instant indictment/
information, when in the alleged criminal activity to place:

B) Documentation from the legislature of the State of W Va
   surrendering jurisdiction to the same geographical location
as in (A) above, to the United States.

C) Documentation pursuant to title 40 USCS 255 wherein the United
   States accepted jurisdiction to the same geographical
location as in "(A) above" or documentation showing, dismiss
the action, grant the writ of habeas corpus, immediate release
from incarceration.


Petitioner, along with the recent Lopez decision, it is interesting to note that at least two other Courts, e.g., United

-3-

States District Courts have come to the same or similar

conclusion, see: <u>United States of America v. Wilson Stenbaughr</u>

<u>Skott. Kethchum, Braun and Balint.</u> Case No.: 94-CR-140 (March

10, 1995) (U.S.D.C. Wisconsin); and <u>U.S. v. Kearns</u>, Case No.:

5a95CR201 (Oct. 6, 1995) (USDC Texas).

In alleged violation interstate commerce is merely a guise

used by Federal Government to secure judgment of unsuspecting

persons who may be completely guilty as charged, but as seen

before herein, there can be no precedent value, where in such

cases are void ab initio for want of jurisdiction. At best,

such victims are persecuted under admiralty/maritime forefieture

law and sentenced with "quasi-criminal sanctions in the maritime

commissioned territorial tribunals which long standing practice

and policy should now cease immediately, so as to enjoin the

destruction of lives and families."


Petitioner is conscious of the fact:

1) "All Federal crimes are statutory" <u>Dobie</u> venue and criminal

   cases in the United States District Courts (1926) VA Rev.

   287, 289, "on the other hand since all Federal crimes are

   statutory and all criminal prosecutions in the Federal

   territorial courts are based on acts of congress." Rules

   of criminal procedure Rule 26 in "taking of testimony" notes

   of advisory committee on rules, paragraph no. 2.

2) Rule 54, applications and exceptions, para. (c), F.R. Criminal

   Procedures, "Acts of Congress includes any act of Congress

   locally applicable to and enforced in the D.O.C.,

Puerto Rico, Territory or insular possession."

3) There is no presumption in favor of jurisdiction and basis for jurisdiction must be affirmatively shown. Hartford v. Davis 163 U.S. 273, 41 L.Ed.

4) Petitioner challenges respondent to see exact wording of Article I section 8, clause 17, constitution of the united states of America; which grant of authority does not extend over every square inch of the 48 contiguous states.

5) The exclusive legislative jurisdiction of the Federal Government is not addressed in principle, to subject matter, but of geographical location. U.S. v. Bevans 16 US 336.

6) Petitioner is aware that it is axiomatic that the prosecution must always prove territorial jurisdiction over a crime in order to sustain a conviction, therefore see U.S. v. Benson 495 F.2d. 481.

The jurisdictional challenge issue can never be waived by the accused nor acquieseed by the defendant, in the absence of a positive showing upon the record that jurisdiction was established. Petition states for the record that article IV, section 3, clause 2 is for territorial courts and certain courts created by an act of congress. Petitioner is also aware that some of these Courts have been referred to a legislative and or/territorial Courts. Therefore petitioner asks what type of Court does this honorable Court consider itself to be without

-5-

consent or waiver of subject matter jurisdiction.

Furthermore, petitioner is aware all controversies must be dismissed as there is the additional jurisdiction defect caused by the fact that the defendant was never arraigned before an article III District judge, pursuant of F.R. Criminal P. 5.

Petitioner states that the United States District Court is codified at title 28 USC 1331, which have been listed jurisdiction only over civil, admiralty, maritime, patent, bankruptcy act, but never criminal, see Glidden v. Zdanok, 370 U.S. 530. The acts of congress which establishes the United States District Court do not vest these Courts with any criminal jurisdiction as is confined by an act of congress under the constitution.

It is well established that the United States Constitution created a government of limited power and in the area of making certain acts subject to criminal and sanction the power is reserved to the states this principle is embodied in the tenth amendment and this opinion has been recently recognized by the Court in U.S. v. Garcia, 143 F. supp 2nd 791.

Therefore in Article I and Article IV Courts, without criminal and territorial jurisdiction, and in the absence of judicial jurisdiction, the Court would be in violation of its

duty sworn oath of exclusive jurisdiction to the state wherein the citizen resides.

In conclusion, a Court that lacks subject matter and jurisdiction cited under 12(b)(1) of F. R. Civ. P., the Court cannot render a valid judgment where jurisdiction does not appear upon the face of the proceeding. I, Dwayne Anderson petitioner, do not consent to this Courts jurisdiction in sentencing me to imprisonment, fines, probation or anything else under the corporate rules of law. If you, your honor, continue to keep me detained with this unconstitutional violation against me, you will be committing the crime of perjury, according to the oath you were sworn under as a District judge to protect the law and my rights as guaranteed by the United States Constitution. Petitioner therefore moves this honorable Court for the Northern District of West Virginia to dismiss the indictment immediately, with prejudice.

Also, furthermore, I Dwayne Anderson, petitioner solemnly swear under the penalty of perjury, in accordance with 28 U.S.C. 1746, that each and every statement stated above is true, correct, not misleading, complete, certain, and given with sincere intent.

Petitioner also commands this Court that if this presentment/affidavit be challenged and respondent wishes to rebut this presentation/affidavit, they must do so categorically,

-7-

point for point, sworn under the penalty of perjury to be true, correct, complete, certain, not misleading and with sincere intent. If this presentation/affidavit is not rebutted within a time period of thirty (30) days after the date received and filed by the clerk of the court or thirty-five (35) days after the date it was signed by the petitioner, then the petitioner will move this honorable Court to dismiss this case with prejudice, for lack of jurisdiction, due to reason of default in response from respondent under rule 41 and 55 of the Federal Rules of Civil procedure.

Dated: 01-28-008

With Honor and without Prejudice,
Further Petition Sayeth Not,

Dwayne Anderson #05372-087
      Name      No.
F.C.I. Beckley
P.O. Box 350
Beaver, WV 25813

UNITED STATES DISTRICT COURT
_Western_ DISTRICT OF _West Virginia_

_Dwayne Anderson_

_____

(In the space above enter the full name(s)
of the plaintiff(s)/petitioner(s).)

-against-

_United States of America_
_The Attorney General_
_Irena M. Keeley_
_Zelda Westley_
(In the space above enter the full name(s)
of the defendant(s)/respondent(s).)

___ Civ. ___ ( ) ( )

AFFIRMATION OF SERVICE

I, _Dwayne Anderson_ declare under penalty of perjury that I have
         (name)

served a copy of the attached _Grievance invoking Dismissal of_
_indictment_
                    (document you are serving)

upon _Court Clerk_ whose address is _500 West Pike st_
(name of person served)                _Clarksburg West Virginia_
                                              26302-2857
_F.C.I. Beckley - Mail room_
                    (where you served the document)

by _____ _Mail_
(how you served document: For example-personal delivery, mail, overnight,etc.)

Dated: _Beaver_ , _W Va._
       (town/city)   (state)

       _Jan_  _28_, _2008_
       (month)  (day) (year)

Signature

_P.O. Box 350_
Address

_Beaver West Virginia_
City, State

_25813_
Zip Code