<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 07-4303**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

DEWAYNE ANDERSON,

        Defendant - Appellant.

───────────────

**No. 07-4304**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

DARRELL LAW, a/k/a B,

        Defendant - Appellant.

───────────────

Appeals from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, Chief District Judge.  (1:06-cr-00020-IMK-8; 1:06-cr-00020-IMK-9)

───────────────

Argued:  May 16, 2008                      Decided:  June 20, 2008

───────────────

Before MICHAEL and SHEDD, Circuit Judges, and Henry F. FLOYD, United States District Judge for the District of South Carolina, sitting by designation.

―――――――――

Affirmed in part, reversed in part, and remanded by unpublished per curiam opinion.

―――――――――

**ARGUED:** Kumaraswamy Sivakumaran, STERLING LEGAL SERVICES, PLLC, Clarksburg, West Virginia; Scott Alan Shough, Fairmont, West Virginia, for Appellants.  Zelda Elizabeth Wesley, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee. **ON BRIEF:** Sharon L. Potter, United States Attorney, Wheeling, West Virginia, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dewayne Anderson and Darrell Law appeal their convictions and sentences for several drug offenses, raising numerous issues. For the reasons that follow, we reverse Anderson's conviction for conspiracy to possess with intent to distribute and to distribute cocaine base and remand his case for further proceedings. We affirm Law's convictions and sentence in their entirety.

I

In 2005, the West Virginia State Police Bureau of Criminal Investigation ("BCI") identified the residence of Gary Bruder in Fairmont, West Virginia, as the focal point of extensive drug dealing activity. Viewed in the light most favorable to the government, the evidence at trial established that the Bruder residence was a place where individuals could buy, sell, and use crack cocaine, as well as meet potential customers and suppliers. Law regularly sold crack from the Bruder residence, compensating Bruder in crack for the use of his home. As part of BCI's investigation, police informant Mike Steffick made two controlled purchases of crack from Law, one of which occurred in the Bruder residence and the other directly outside it.

West Virginia State Police Trooper John Smith, working undercover, also made two controlled purchases of powder cocaine from Anderson. Each time, Smith contacted a co-defendant, Dwan

Edwards, via telephone and Edwards instructed Smith to go to a public location. Anderson arrived to deliver the drugs and was identified to Smith by Edwards over the telephone. When Smith asked Anderson whether he should contact Anderson or Edwards to obtain drugs in the future, Anderson replied, referring to Edwards, that "we was all the same" and "we're all one".

In March 2006, Anderson, Law, and seven co-defendants were charged with numerous drug offenses in a thirteen-count indictment. Count 1 charged all the defendants with conspiracy to possess with intent to distribute and to distribute cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(iii). Counts 9 and 10 charged Law with distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(c). Count 13 charged Anderson with aiding and abetting the distribution of cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(c), and 18 U.S.C. § 2. Following a jury trial, Anderson and Law were convicted on all charges, and they now appeal.

II

Anderson argues on appeal that the district court erred in denying his motion for judgment of acquittal on Count 1. We review de novo the district court's ruling on a motion for judgment of acquittal and we will uphold the verdict if, viewing the evidence in the light most favorable to the government, it is supported by

substantial evidence.  <u>United States v. Alerre</u>, 430 F.3d 681, 693 (4th Cir. 2005).  Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt."  <u>Id.</u> (internal quotation and citation omitted).  In order to prove the conspiracy charged in Count 1, the government was required to establish (1) an agreement to possess with intent to distribute cocaine base existed between two or more persons; (2) Anderson knew of the conspiracy; and (3) Anderson knowingly and voluntarily became part of the conspiracy.  <u>United States v. Burgos</u>, 94 F.3d 849, 857 (4th Cir. 1996) (en banc).

The Indictment charged Anderson and eight others with participation in a single conspiracy to possess with intent to distribute and to distribute crack cocaine.  The government's theory of the case was that the Bruder residence served as the hub of the conspiracy and that Anderson, working with defendant Dwan Edwards, obtained customers through the Bruder residence.

The evidence at trial, however, demonstrated only an agreement between Anderson and Edwards to sell powder cocaine.  The government failed to introduce any evidence at trial linking either Anderson or Edwards to the crack conspiracy centered around the Bruder residence.  Without such evidence, there was no basis for the jury to conclude that Anderson, independently or through Edwards, was aware of that conspiracy or that he voluntarily became

part of it. Accordingly, we reverse Anderson's conviction on Count 1.[*]

Anderson also argues that the district court erred in instructing the jury as to Count 13 and in one evidentiary ruling, and that the Indictment was defective. We conclude that these arguments are without merit and therefore affirm his conviction on Count 13.

### III

Law also contends on appeal that there is insufficient evidence to support his conviction on Count 1. Specifically, he argues that the government failed to prove the existence of an agreement between Bruder and him. This argument is without merit. At trial, Mike Steffick testified that he purchased crack from Law in and outside Bruder's residence. Timothy Snoderly also testified that Law sold crack in Bruder's home and in Bruder's presence, and that Bruder received crack from Law as payment for permitting these sales to occur. Snoderly further testified that Law knocked out several of Bruder's teeth when Bruder complained that Law was not paying him as agreed. This evidence is sufficient to permit the jury to conclude that an agreement existed between Law and Bruder.

---

[*]At oral argument, counsel for the government conceded this deficiency. Although we are not bound to accept this concession, see United States v. Rodriguez, 433 F.3d 411, 414 n.6 (4th Cir. 2006), we view it as an indication of the correctness of our conclusion.

Law also challenges two of the district court's evidentiary rulings and the sentence it imposed. We find no merit in these contentions, and therefore affirm Law's convictions and sentence.

IV

For the foregoing reasons, we reverse Anderson's conviction on Count 1, affirm his conviction on Count 13, and remand his case for further proceedings consistent with this opinion. We affirm Law's convictions and sentence in their entirety.

<u>AFFIRMED IN PART,</u>
<u>REVERSED IN PART,</u>
<u>AND REMANDED</u>