IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  Criminal No. 1:06CR00020

DEWAYNE ANDERSON,

    Defendant.

**UNITED STATES' RESPONSE TO DEFENDANT'S
SUGGESTION OF APPROPRIATE FURTHER
PROCEEDINGS IN LIGHT OF APPELLATE COURT DECISION**

    Now comes the United States of America and Sharon L. Potter, United States Attorney for the Norther District of West Virginia, by Zelda E. Wesley, Assistant United States Attorney, and responds as follows to defendant's suggestion for further proceedings in light of the Fourth Circuit's decision reversing his conviction for Count One:

    1.    Following his jury trial, defendant was convicted of Count One (conspiracy) and Count Thirteen (aiding and abetting the distribution of a controlled substance).  Defendant's presentence report determined his total drug relevant conduct to fall between 1000 to 3000 kilograms of marijuana equivalent for Counts One and Thirteen, for a base offense level of 32.  The government objected, arguing defendant's relevant conduct should fall between 150 and 500 grams of crack cocaine and a base offense level of 34.  The relevant conduct was derived from the witnesses who testified at trial, based upon drug dealings directly involving defendant.  Defendant was not attributed any drug relevant conduct that was foreseeable to him based upon the actions of others.

2.      At sentencing, the United States recalled the trial witnesses responsible for defendant's relevant conduct. The witnesses' sentencing testimony was consistent with their trial testimony, and resulted in confirming defendant's drug relevant conduct falling between 150 and 500 grams of crack cocaine. Accordingly, the district court sustained the government's objection to the presentence report.

3.      The government was also able to establish defendant's use of minors to distribute his drugs, resulting in an enhancement under U.S.S.G. 3B1.4. Defendant's total offense level was ultimately determined to be a 36.

4.      Defendant's criminal history category was a V, and his range of imprisonment was 292 to 365 months.

5.      Defendant was sentenced to 292 months for Count One and 240 months for Count Thirteen, the statutory maximum sentence. The reversal of defendant's conviction for Count One in no way alters his sentence for Count Thirteen.

6.      The only issue remaining is the re-calculation of defendant's base offense level as a result of the crack cocaine amendment to the guideline. Pursuant to the amendment, defendant's base offense level should be 32, and a total offense level of a 34 after the U.S.S.G. 3B1.4 enhancement. Defendant's sentencing range should be 235 to 240 months of imprisonment.

For those reasons, the parties should not be afforded time to object to an updated presentence report.

        Respectfully submitted,

        SHARON L. POTTER
        UNITED STATES ATTORNEY

By:  /s/ Zelda E. Wesley
      Zelda E. Wesley
      Assistant U.S. Attorney
      W.Va. Bar No. 6738
      320 W. Pike Street, Ste. 300
      Clarksburg, WV 26301
      (304) 623-7030
      (304) 623-7031 (fax)
      zelda.wesley@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I, Zelda E. Wesley, Assistant United States Attorney for the Northern District of West Virginia, hereby certify that on July 24, 2008, I electronically filed the foregoing UNITED STATES' RESPONSE TO DEFENDANT'S SUGGESTION OF APPROPRIATE FURTHER PROCEEDINGS IN LIGHT OF APPELLATE COURT DECISION, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Martin P. Sheehan, Esquire
> 41 Fifteenth Street
> Wheeling, WV 26003-2941

/s/ Zelda E. Wesley
Zelda E. Wesley
Assistant United States Attorney