UNITED STATES DISTRICT COURT FOR THE NORTHERN District OF WEST VIRGINIA

UNITED STATES

v.

DWAYNE ANDERSON

Case No: 1:06CR20-8

**FILED**

DEC 9 – 2008

U.S. DISTRICT COURT
CLARKSBURG, WV 26301

DATE: 12-05-08

RE: Response to Governments BRIEF

## RESPONSE

Now comes, Dwayne Anderson - Pro SE, stating facts why the relevant conduct the government is seeking to use is not factual and do not relate to the charge of conviction. If the court was to review Mrs. Baxters trial testimony compared to he sentencing testimony you would conclude that her testimony is very inconsistent.

The Government contends that there was drug activity going on between me and government witnesses as late as Nov. 20, 05 there is no testimony to this fact or no testimony that I sold any drugs after Sept. 2005 other than Dec 13th and 15th of 2005. The Government theory has been wrong from the beginning, Now that I have been removed from the conspiracy the prosecution and the court is seeking to sentence me as if the conviction still stands.

The activity in count one does not relate to the activity in count thirteen, there was a total difference in the time frame and seperate investigation with seperate agencies and the government took no part in either investigation.

"The Supreme Court noted that no "bright line distinction" exists

between relevant conduct and criminal history factors. The relevant difference, it found, is more temporal than qualitative, with the former referring simply to a defendant's past criminal conduct (as evidence by convictions and prisonterms) see U.S.S.G. 4A1.1, and the latter covering activity arising out of the same course of criminal conduct as the instant offense."

Your Honor as of now without any relevant conduct my offense level is only 12, although the guidelines are unconstitutional they can be used as advisory to give judges starting points. The government is also contending to almost triple my offense level with conduct that is not true, Not relevant to the instant offense, and I was acquitted of that conduct. The fifth Amendment to the United States constitution prohibits successive prosecution or multiple punishment for "the same offense"

The court can view conduct of the defendant by Preponderance of the evidense, which is "the greater weight of the evidence". There are factors to be considered in determining whether offenses that do not qualify as part of a common scheme or plan are sufficiently connected or related to eachother as to warrant conclussion that they are part of a single episode, spree, or ongoing series of offenses, for purpose of relevant conduct analysis at sentencing, include (1) degree of similarity between the offenses (2) regularity of the offenses, and (3) temporal proximity between the offenses; when one of the factors is absent, a stronger presence of one the other factors is required. 1B1.3, comment (nq). The government don't meet any of these factors. In using the absurd testimony of Mrs. Baxters concerning drug weights court is only showing their personal agenda to over punish the defendant, and abuse the courts authority.

The District courts continual misuse of power in using "acquitted conduct" to get a sentence without a conviction has become a big issue before the supreme court. In United States V. Canania 532 F.3d 764 (2008) "acquitted conduct" all but eviscerates this latter notice function. In short, the unfairness perpetuated by the use of "acquitted conduct" at sentencing in federal district courts is uniquelly melevolant. The rationale offered is that the judges who "consider acquitted conduct" at sentencing are doing so merely as part of exercising their Constitution sanctioned sentencing discretion. But that explanation merely obfuscates the reality in which federal district court judges are often acting as automatons - mechanically enhancing sentences with "acquitted conduct" pursuant to the now "advisory" sentencing guidelines.

And so, in effect, the Guidelines, with respect to "aquitted conduct", remain very much mandatory. Neither the fifth nor sixth amendments should tolerate such a practice. But it is not this mechanical adherence to the Guidelines which makes unconstitutional the use 'of acquitted conduct" to enhance a defendants sentence. That practice is best understood as an artifact of nearly twenty year of mandatory sentencing guidelines. In my view, the Constitution forbids judges - Guidelines or no Guidelines - from using "acquitted conduct" to enhance a defendants sentence because it violates his or her due process right to notice and usurps the jurys sixth Amendment fact-findings role.

In United States V. Gillispie, 487 F.3d 1158 (2007)(citing U.S.S.G ∂O1.1(b)(1), Cmt. N.3) And so under the guise of "judicial discretion", WE have a sentencing regime that allows the

Government to try its case not once but twice. The first time before a jury, the second before a judge.

Before the jury, the Government must prove its case beyond a reasonable doubt. But if it looses on some counts, that matters little. Free of the Federal rules of evidence, most constitutionally-imposed procedures, and the burden of proving any critical facts beyond a reasonable doubt, the Government gets the proverbial "second bite at the apple" during sentencing to essentially retry those counts on which it lost. With this second chance at success, the Government almost always win by needing only to prove its (lost) case to a judge by a preponderance of the evidence. (see McMillan v. Pennsylvania 477 U.S. 79, 91-92).

In the last decade, the Supreme Court re-affirmed the jurys central role in the criminal justice system, See Apprendi v. Jersey, 530 U.S. 466, Ring v. Arizona 536 U.S. 584, Blakely v. Washington, 542 U.S. 296, U.S. v. Booker 543 U.S. 220. Rather than pretending as if these cases were never decided, we federal judges should acknowledge their clear implications: A judge violates a defendant's Sixth Amendment rights by making findings of fact that either ignore or countermand those made by the jury and then relies on these factual findings to enhance the defendant's sentence. (Barkett, J. specially concurring)("I strongly believe that sentence enhancements based on acquitted conduct are unconstitutional under the sixth Amendment, as well as due process clause of the fifth amendment") U.S. v. Ibanga 454 F. Supp. 2d 532.

In Pimental, 367 F. Supp. 2d at 152-53 the court states, to consider acquitted conduct trivializes "legal guilt" or "legal innocence"

which is what a jury decides - in a way that is inconsistent with the tenor of the recent case law; when a court considers acquitted conduct it is expressly considering facts that the jury verdict not only failed to authorize; it considers facts of which the jury expressly disapproved.

To tout the importance of the jury in deciding facts, even traditional sentencing facts, and then to ignore the fruits of its efforts makes nonsense - as a matter of law or logic. Most people would be shocked to find out that even United States citizens can be (and routinely are) punished for crimes of which they were acquitted.

The American Criminal justice system is rooted in the "Fundamental value determination of our society that it is far worse to convict a innocent man than to let a guilty man go free." In re Winship, 397 U.S. 358, 372.

There are factors that can be considered to be use as relevant conduct, but those factors are outside of any testimony from count one.

Respectfully Submitted

Dwayne Anderson